IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GLEN TAYLOR, :
AIS #127254, :
    Plaintiff, :
     :
vs. : CIVIL ACTION 14-101-KD-M
     :
C.PEARSON, *et al.*, :
    Defendants. :
     :

REPORT AND RECOMMENDATION

Plaintiff, Glen Taylor, an Alabama prison inmate proceeding *pro se* and *in forma pauperis,* filed a complaint under 42. U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration of the pleadings on record, it is recommended that this action be dismissed without prejudice prior to service of process as malicious. 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(i).

I. Facts and Proceedings

Plaintiff commenced this § 1983 action on or about March 6, 2014, for events he alleges occurred on February 4, 2014. (Doc. 1 at 4). In conjunction with his Complaint, Plaintiff filed a Motion for Leave to Proceed *In*

*Forma Pauperis,* (Doc. 2), which was granted,[1] even though he was still required to pay a partial filing fee. (Doc. 5). Despite the Motion for Leave to Proceed *In Forma Pauperis* being granted, the review process required by 28 U.S.C. 1915A is ongoing in order to determine if the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.

II. Discussion

a. Legal Standards

The federal statutes authorizing incarcerated plaintiffs to file complaints as paupers provide for dismissal of such complaints if they are found to be malicious. *See* § 1915(e)(2)(B)(i)("Notwithstanding any filing fee, or any portion thereof that may have been paid, the court *shall* dismiss the case at any time if the court determines that-- . . . the action . . . is frivolous or malicious; . . . .")(emphasis added); 1915A(b)(1)("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; . . .").

---

[1] That portion of the Order granting Plaintiff leave to proceed *in forma pauperis* is withdrawn as improvidently granted.

2

The court is also required to ensure that granting a motion to proceed *in forma pauperis* will not violate the limitations contained in § 1915(g), which states that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g).

When screening a complaint under the constraints of § 1915(g), a court is "involve[d] in more than sophomoric arithmetic [as c]ourts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, . . . the reason for the dismissals[.]" *Rivera v. Allin,* 144 F.3d 719, 726 )11th Cir. 1998) *abrogated in part on other grounds by Jones v. Bock,* 549 U.S. 199, 215-17 (2007). So, when prisoner plaintiffs misrepresent the extent of their prior litigation history on court-provided complaint forms requiring the disclosure of such history, and, further, signing the form under penalty of perjury, their actions are considered to be an abuse of the judicial process

3

warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(1). *Id.* at 731 (finding that an action that had been dismissed for abusing the legal process because an inmate lied under penalty of perjury about a prior lawsuit to be malicious"; *Harris v. Warden,* No. 11-14690, 2012 WL 5907451, at *1 (11th Cir. 2012)(unpublished)[2](dismissing without prejudice an action for an abuse of process where the inmate failed to disclose his litigation history in his original and amended complaints even though the form complaint described the type of cases he was bound to disclose); *Redmon v. Lake Cnty. Sheriff's Office,* 406 F.App'x 340, 223, 225-26 (11th Cir. 2011)(unpublished)(affirming the dismissal without prejudice of inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); *Shelton v. Rohrs,* 406 F.App'x 340, (11th Cir. 2010)(unpublished)(affirming the dismissal without

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (2005); *see also Lanier Constr. Inc. v. Carbone Props. of Mobile, LLC,* 253 F.App'x 861, 865 n. 5 (11th Cir. 2007).

4

prejudice of the inmate's complaint under § 1915(e)(2)(B)(1) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court; the case management system reflected he had filed four actions indicating that he would have known he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible); *Hood v. Tompkins,* 197 F.App'x 818, 819 (11th Cir. 2006)(unpublished)(affirming dismissal of inmate's § 1983 action for an abuse of process because he responded "no" to the complaint form's question of whether he had brought any other lawsuits dealing with facts other than those in the present action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

Furthermore, "a dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply refile." *Stephenson v. Warden Doe,* No. 13-10080, 2014 WL 463631, at *1 (11th Cir. Feb. 6, 2014)(unpublished); *see e.g., Dynes v. Army Air Force Exch. Serv.,* 720 F.2d 1495, 1499 (11th Cir. 1983)(dismissal

5

without prejudice, even for a minor violation of a court order, was not an abuse of discretion). However, "where a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations,[3] it is tantamount to a dismissal with prejudice." *Id.* "Dismissals with prejudice are not appropriate unless the district court finds both that a clear record of delay or willful misconduct exists, and that lesser sanctions are inadequate to correct such conduct." *Id. (citing Zocaras v. Castro,* 465 F.3d 479, 483 (11th Cir. 2006)(involving sanctions under Fed. R. Civ. P. 41(b)).

b. Application

As required by this Court, Plaintiff signed a court-provided Complaint under penalty of perjury based on events that allegedly occurred on February 4, 2014. (Doc. 1). Plaintiff signed the Complaint on February 6, 2014, and it reached the Court's docket on March 6, 2014. (*Id.*). Plaintiff alleges, generally, that Defendants have violated

---

[3] "All constitutional claims brought [by an inmate] under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Taylor v. Dillard,* 2:12-CV-037-TMH-WO, 2014 WL 1660717, at *5 (M.D.Ala. Apr. 25, 2014)(*citing Wilson v. Garcia,* 471 U.S. 261, 275-76 (1985). In Alabama, where Plaintiff's claim was filed, the governing limitations period is two years. *Id.* (*citing* Ala. Code § 6-2-38).

6

his First Amendment right to free exercise of religion by requiring him to cut his hair and side burns in an unsanitary barbering facility, thereby violating his due process rights and his Eighth Amendment rights. He also alleges an equal protection claim that "black sir named prisoners" are held to a "greater burden of compliance" regarding their hair, and that female inmates are not required to abide by the same rules as male inmates. (Doc. 1). The Defendants are identified in the Complaint as SAP Counselor C. Pearson, Deputy Warden Shirley Smith, and Warden Cynthia Stewart. (Doc. 1 at 5).

An important portion of the information that prisoner plaintiffs are required to include in their complaints is a complete history of the lawsuits filed in state or federal courts dealing with the same or similar facts supporting their current suit or otherwise relating to their imprisonment. (Doc. 1 at 3). On Plaintiff's Complaint form, he checked "yes" to both questions and listed only one previously filed action: Taylor v. Gandy, 1:11-CV-27-KD-B. This action likewise alleges, among others, the same or similar Eighth and Fourteenth Amendment claims surrounding his hair cut which he admits was, in part,

dismissed for failure to state a claim.[4] Despite liberally construing *pro se* prisoner complaints, the Court nonetheless screens prisoners through PACER (Public Access to Court Electronic Records) for past filings. *See* § 1915A(a). Though Plaintiff swore that he had only one previously filed case, the Court found six other filings by Plaintiff in the federal court system across the state of Alabama.

Plaintiff's failure to provide a complete list of his litigation history is an abuse of process and must be sanctioned. His attempt to mislead the Court with regard to his litigious past is egregious and knowing. As noted above, n. 3, *supra,* Plaintiff has two years from the date of the alleged incident to file his § 1983 action, of which approximately twenty months are left; therefore, the appropriate sanction, at this point, is clearly to dismiss without prejudice his § 1983 claims. *See Stephenson,* 2014

---

[4] The Court notes that, in this action, Plaintiff sued eight defendants, four of whom were dismissed without prejudice as frivolous pursuant to § 1915(e)(2)(B) while the remaining claims against the four remaining defendants were allowed to proceed and disposed of by summary judgment. While this action does not count as a strike under § 1915(g), Plaintiff has two other cases which do count as strikes. *See* Taylor v. VanWyk, 2:94-CV-1631-ID-JLC (dismissed as frivolous under the prior version of the statute, 28 U.S.C. § 1915 (amended April 25, 1996); Taylor v. Smithart, 2:10-CV-1057-ID-SRW (dismissed for failure to state a claim on which relief may be granted pursuant to § 1915(e)(2(B)(ii)).

WL 463631. Plaintiff is cautioned that the present action, counts as a strike under 28 U.S.C. 1915(g), thereby making him a three-striker for purposes of future § 1983 filings while incarcerated.

III. Conclusion

Based on the forgoing, the Complaint filed in this action constitutes an abuse of judicial process and therefore is malicious pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2(B)(i). Once a Complaint is found to be malicious, it shall be dismissed when it is coupled with a request to proceed *in forma pauperis.* § 1915(e)(2()(B)(i). Therefore, it is recommended that the Complaint be dismissed without prejudice prior to service as an appropriate sanction under the circumstances.

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the

9

basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 2nd day of June, 2014.

                                      s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE